ment action, making the order final and appealable pursuant to Pa.R.A.P. 341(b)(1).

Since the Superior Court quashed the appeal of General Accident, the merits of the appeal were not addressed.[10] We now reverse the order of the Superior Court and remand for disposition of the merits of the appeal. The Motion to Dismiss Appeal filed on behalf of Tammy Allen, Breanne Allen, and Heath Allen is denied.

NIX, Former C.J., did not participate in the consideration or decision of this case.

NIGRO, J., concurs in the result.

692 A.2d 1096

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Edward ROBERTS a/k/a Edward N. Roberts, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 19, 1996.

Decided April 23, 1997.

**10.** We note that subsequent to oral argument in this case, the Superior Court issued a unanimous en banc decision in *Erie Insurance Exchange v. Claypoole et al.*, 449 Pa.Super. 142, 673 A.2d 348 (1996), which held that injuries resulting from sexual assault committed on children in cases of sexual molestation are intentional as a matter of law. The court rejected an argument that such acts could be considered as negligence, stating "To hold otherwise would be the equivalent of characterizing the sexual molestation of children as a negligent act caused by being in the wrong place at the wrong time instead of characterizing it as an intentional act resulting from the repugnant conduct of the molester." 449 Pa.Super. at 158, 673 A.2d at 356. The court refused to impose a duty to defend upon an insurer for such conduct under an automobile insurance policy that contained exclusionary language similar to that contained in General Accident's policy.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### *ORDER*

PER CURIAM.

The appeal is dismissed as having been improvidently granted.

NIGRO, J., dissents.

692 A.2d 1097

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Jose Antonio MARRERO, Petitioner.**

Supreme Court of Pennsylvania.

April 28, 1997.

### *ORDER*

PER CURIAM.

AND NOW, this 28th day of April, 1997, upon consideration of petitioner's emergency motion for a stay of execution pending the filing and resolution of a petition for a writ of certiorari, IT IS HEREBY ORDERED that petitioner's application is GRANTED and his execution will be stayed pending action by the United States Supreme Court on his petition for